# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**CHATMAN ELECTRIC, INC.,**

     **Plaintiff,**

     **v.**

**INTERIOR SYSTEMS, INC.,**

     **Defendant.**

**Civil Action No.  04-2117 (JMF)**

## MEMORANDUM OPINION

This case is before me for all purposes including trial.  Currently pending and ready for resolution is <u>Chatman Electric, Inc.'s Motion to Preclude Evidence at Trial</u> ("Plains. Mot.").  For the reasons stated below, plaintiff's motion will be denied.

## BACKGROUND

Plaintiff, Chatman Electric, Inc., is suing defendant, Interior Systems, Inc., in this breach of contract action for failure to make payment for work performed by plaintiff on two building sites, the Reeves Building and the Department of Employment Services Building.  Plaintiff is seeking total damages of $111,805 plus interest.

The gravamen of plaintiff's current motion is that, during discovery, defendant failed to identify and produce an appropriate 30(b)(6) witness to answer questions about plaintiff's performance on the Reeves project.  Plaintiff thus claims unfair surprise and undue burden and seeks to have the court preclude defendant from offering any defenses relating to that topic.

## DISCUSSION

I.     <u>The Facts</u>

Plaintiff filed the complaint in this case on December 7, 2004.  On January 26, 2005,

Judge Bates issued an initial scheduling order, which set the close of discovery for June 3, 2005.

Prior to the close of discovery, on May 24, 2005, plaintiff served a 30(b)(6) notice of deposition

on defendant.  Also on May 24, 2005, counsel for the parties spoke about scheduling the 30(b)(6)

deposition.  Defendant's counsel indicated that he would be going away on vacation and so the

parties jointly agreed to extend the discovery deadline to June 30, 2005, for the limited purpose

of taking the 30(b)(6) deposition. Plains. Mot. at Exhibit 2.  The deposition was then scheduled

for June 30, 2005.  Two days before the scheduled deposition, on June 28, 2005, defendant's

counsel informed plaintiff's counsel that the 30(b)(6) designee would not be available on June

30.  The parties then agreed once more to extend the discovery deadline to July 13, 2005, for the

limited purpose of taking the 30(b)(6) deposition. Plains. Mot. at Exhibit 3.  On July 13, 2005,

defendant produced its Chief Financial Officer, Felix Yeoman, as its 30(b)(6) designee and

Yeoman's deposition was taken.

Two days later, on July 15, 2005, the parties submitted their joint pretrial statement.  On

July 28, 2005, the court held a pretrial conference, during which the parties addressed certain

issues raised by plaintiff in the joint pretrial statement.  The court also asked plaintiff to file a

formal motion, which plaintiff did on July 29, 2005.  It is that motion that is currently before the

court.

II.     <u>Analysis</u>

In the joint pretrial statement, plaintiff indicated the following:

Plaintiff objects to the introduction of any oral or written evidence

by Defendant related to Defendant's assertion that Plaintiff did not
successfully complete its work on the Reeves Building Project, that
the additional work performed by Plaintiff was not authorized by
Defendant and/or not performed, and that Defendant incurred costs
to complete Plaintiff's scope of work based, in part, on ISI's failure
to produce a knowledgeable 30(b)(6) witness.

Joint Pretrial Statement at 9.

Plaintiff's 30(b)(6) notice of deposition listed numerous topics relating to the Reeves

building and to the parties' relationship generally.[1] Plains. Mot. at Exhibit 1.  The record clearly

indicates, however, that the one individual most capable of answering questions about the Reeves

building was Mel Pulley, who, before his retirement, was defendant's project manager. Felix

Yeoman Deposition ("Depo.") at 9-10.  Thus, even while plaintiff sought to depose defendant's

30(b)(6) designee, the court can conclude, based on the evidence, that plaintiff knew that Pulley

possessed critical knowledge of the relevant issues.

First, the court can conclude that, at a minimum, plaintiff was aware of Pulley's role in

the Reeves project as of the date the complaint was filed.  In reality, plaintiff knew or should

have know of the importance of Pulley's role in the case at a much earlier date, namely, while the

Reeves building was still being constructed.  Second, that plaintiff knew of the significance of

Pulley's role is evidenced by one of plaintiff's request for production of documents, in which

plaintiff sought "all documents relating to the Reeves Project that are or were maintained by Mel

Pulley." Plains. Mot. at Exhibit 5, page 10.  Third, in response to defendant's first interrogatory,

which asked plaintiff to "[i]dentify all persons, including the employees and/or agents of

---

[1] Plaintiff served defendant with an amended notice of deposition for the 30(b)(6)
designee but it does not appear to the court to be any different than the one served on May 24,
2005.

Chatman Electric, Inc., the District of Columbia, ADT and E-Vigilant, having personal knowledge of any of the facts material to the issues in this action or claims or defenses asserted by the parties in this action, stating with regard to each person identified, the facts of which they have knowledge," plaintiff identified Mel Pulley. Chatman Electric, Inc.'s Objections and Responses to Interior Systems, Inc.'s First Set of Interrogatories and Requests for Production of Documents at 4.  Fourth, plaintiff named Pulley in the joint pretrial statement as a potential witness. Joint Pretrial Statement at 5.  Finally, on numerous occasions during his deposition, Yeoman indicated that Pulley was the individual with the greatest knowledge in the areas identified by plaintiff in its 30(b)(6) deposition notice.  See e.g. Depo. at 20 (Yeoman stated that he cannot testify as to topics 11 through 19 in plaintiff's 30(b)(6) deposition notice but that Pulley will be appearing at trial to do so); Depo at page 39 (Yeoman stated the following: "Let me say this.  I am not the project manager.  So, as to the specifics of the project, I couldn't tell you.  The fact that he did not complete the scope of work was told to me by Mr. Pulley, the project manager at the time."); Depo. at page 59 (Yeoman stated that Pulley was the individual with knowledge about how much was paid to an alternate subcontractor for work that plaintiff allegedly failed to complete); Depo. at page 71 (Yeoman stated that he did not know specifically which work plaintiff failed to complete on the Reeves building but that Pulley would know that).

Based on all the information in its possession, plaintiff could have easily inferred that Pulley would be the individual most capable of responding to the questions posed in plaintiff's notice of 30(b)(6) deposition.  Moreover, even though defendant produced a 30(b)(6) designee who was ill-equipped to answer many of plaintiff's questions, plaintiff nevertheless failed to make any attempt whatsoever to depose Pulley.  Plaintiff must now pay for its lack of diligence

in pursuing discovery.  The court will not make allowances for plaintiff's incomprehensible

failure to notice the deposition of the one person identified time and time again as the individual

in the best position to respond to plaintiff's inquiries.  To indicate, by way of a buried comment

in the joint pretrial statement, that plaintiff objects to defendant's production of certain defenses

because plaintiff was unable to depose an appropriate and knowledgeable 30(b)(6) witness is

simply inadequate and the court will not rescue plaintiff from itself.

## CONCLUSION

All roads lead to Mel Pulley and all roads have always led to Mel Pulley.  Plaintiff cannot

now be heard to claim that it suffered unfair surprise and undue burden as a result of defendant's

designation of Felix Yeoman as the 30(b)(6) witness.  Plaintiff's argument is frivolous and

therefore plaintiff's motion will be denied.  See Bonds v. DC, 93 F.3d 801 (D.C. Cir. 1996)

(disposition of a case on the merits preferred; discovery sanctions must be proportionate to the

wrong allegedly done).  Defendant will be permitted to present evidence relating to its defense

that plaintiff failed to successfully complete the work on the Reeves building, that additional

work was not authorized by defendant and/or not performed, and that defendant incurred

additional costs as a result of plaintiff's actions.

An Order accompanies this Memorandum Opinion.


_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated:

5